UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARYTA J. FLORY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-130

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Incomes ("SSI").[1] Before the Court are Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8), and the record as a whole.[2]

**I.**

**A. Procedural History**

Plaintiff initially filed for DIB and SSI alleging a disability onset date of January 1, 2006. PageID 66. However, at the administrative hearing, Plaintiff amended her alleged disability onset

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this decision to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

1

date to April 1, 2015. *Id.* Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, orthostatic hypotension, neurocardiogenic syncope,[3] migraine headaches, bipolar disorder, a depressive disorder, and an anxiety disorder. PageID 69, 930.

After a denial of her application upon reconsideration, Plaintiff received a hearing before ALJ Deborah Sanders on December 11, 2017. PageID 88-129. The ALJ issued a written decision on June 28, 2018 finding Plaintiff not disabled. PageID 66-81. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 75-81.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 50-52. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 66-81), Plaintiff's Statement of Errors (PageID 928-40), the Commissioner's memorandum in opposition

---

[3] "Neurocardiogenic syncope is a condition in which individuals suffer from fainting episodes, *i.e.* syncope, produced by miscommunication between the heart and the nervous system." *Ranson v. Unum Life Ins. Co. of Am.*, 250 F. Supp. 2d 649, 651 n. 4 (E.D. Va. 2003)

[4] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(PageID 945-64), and Plaintiff's reply (PageID 965-67). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues that the ALJ erred: (1) in evaluating the medical opinion evidence of record (specifically the opinion of clinical nurse specialist S. Jean Budding, CNS-BC); and (2) by failing to find her mental health impairments "severe" at Step Two of the

4

sequential review. PageID 928-39. The Court agrees with Plaintiff's first alleged error, agrees in part with Plaintiff's second alleged error, and finds reversal warranted on those bases.[5]

### A.     "Other Source" Opinion

Plaintiff first alleges that the ALJ erred by discounting the opinion of nurse Budding. PageID 936-39. Although nurse Budding is a board certified, clinical nurse specialist, she is not an "acceptable medical source" pursuant to Social Security Ruling ("SSR") 06-03P. Instead, she is an "other source."[6] *See* SSR 06-03P, 2006 WL 2329939, at *6 (Aug. 9, 2006); *see also Parker v. Comm'r of Soc. Sec.*, No. 2:19-CV-899, 2020 WL 613932, at *4 (S.D. Ohio Feb. 10, 2020), *report and recommendation adopted*, No. 2:19-CV-899, 2020 WL 1129795 (S.D. Ohio Mar. 9, 2020). "Other sources" cannot establish the existence of a medically determinable impairment but "may provide insight into the severity of the impairment and how it affects the individual's ability to function." SSR 06-03P, 2006 WL 2329939, at *2. Significantly, SSR 06-03P notes:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners ... have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical

---

[5] In addition to the two errors at issue, the Court notes that the ALJ's analysis of Plaintiff's Global Assessment of Functioning ("GAF") scores is unclear. While the ALJ discredits nurse Budding's opinion due to an increase in Plaintiff's GAF scores, later in her decision, the ALJ rejects GAF scores altogether as a "mere snapshot of information available from [Plaintiff] on the date of assessment." PageID 74. The Court agrees with the ALJ to the extent that a GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *White v. Colvin*, No. 3:13-CV-171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014). In fact, courts have concluded that GAF scores have "little value in assessing disability." *Allen v. Comm'r of Soc. Sec.*, No. 2:09-CV-265, 2010 WL 1142031, at *10 (E.D. Va. Feb. 24, 2010) (citing *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415 (6th Cir. 2006); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Thus, any GAF assessment given by nurse Budding would have minimal probative value in determining Plaintiff's disability or in discrediting her specific opinion about Plaintiff's limitations. *See Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015). While not dispositive, this issue merits clarification by the ALJ on remand.

[6] Although this SSR has been rescinded, the rescission date is effective for claims filed on or after March 27, 2017. *See* SSR 06-03p, rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, effective March 27, 2017. Since Plaintiff is alleging disability as of April 1, 2015, the regulation applies to her claim.

> sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file.

*Id.* at *3; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Thus, an ALJ must consider the opinion of "other sources" and explain the weight they are afforded, even though "other-source opinions are not entitled to any special deference." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (citation omitted).

Accordingly, an ALJ is not required to articulate a "good reasons" for rejecting an opinion from an "other source" as the ALJ must do when discounting the opinion of a treating source. *York v. Comm'r of Soc. Sec.,* No. 2:13-CV-0466, 2014 WL 1213240, at *5 (S.D. Ohio Mar. 24, 2014) (citations omitted). To evaluate such other source opinions, an ALJ should apply the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Arnett v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 586, 591 (S.D. Ohio, 2015) (citing *Adams v. Colvin*, No. 3:13-CV-255, 2014 WL 5782993, at *8 (S.D. Ohio Nov. 6, 2014)).

Here, Plaintiff saw nurse Budding for quarterly appointments beginning in July 2011. *See, e.g.*, PageID 423-69, 915-16. In July 2017, nurse Budding opined that Plaintiff experiences "marked" limitations[7] in her ability to, *inter alia*, complete tasks in a timely manner; avoid distractions while working; sustain an ordinary routine and regular attendance at work; and regulate her emotions, control her behavior, and maintain well-being in a work setting. PageID 858-60. As a result of her mental health impairments, nurse Budding concluded that Plaintiff

---

[7] Whereas "moderate" functional limitations are "non-disabling, *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

6

would be off-task 15% or more in a workday and absent three or more days a month. PageID 858. In her consideration of nurse Budding's opinion, the ALJ affords such opinion "little weight," explaining that it was "unsupported by [nurse Budding's] own treatment notes" and "out of proportion with [Plaintiff's] current level of functioning..." PageID 74.

The Court finds the ALJ's analysis of nurse Budding's opinion in this regard does not reflect consideration of the factors set forth in 20 C.F.R. § 404.1527(c), and is thus unsupported by substantial evidence.

First, to the extent that the ALJ discounted nurse Budding's opinion because she relied on Plaintiff's subjective complaints, such an assessment demonstrates a fundamentally flawed understanding of mental impairments. "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). "Contrary to the ALJ's assertion, the report of a psychiatrist [or other mental health personnel] should not be rejected simply because of ... the absence of substantial documentation." *Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 716 (S.D. Ohio 2019) (citing *Id.*) (internal quotation omitted).

Next, insofar as the ALJ asserts that Plaintiff's treatment notes "reveal generally stable mental status examinations," such an assertion is unsupported by substantial evidence. PageID 74. In fact, Plaintiff's treatment notes consistently reflect mental status findings indicating, *inter alia*, a depressed mood, anxious and depressed affect, withdrawn demeanor, intermittent eye contact, and impaired attention and concentration. PageID 430-40, 443, 449, 454, 459, 466-69, 914-16. Significantly, during his examination of Plaintiff, consultative examiner Richard Sexton, Ph.D. noted similar mental status findings (*i.e.*, a depressed and anxious mood, and flat affect) to those indicated in nurse Budding's treatment notes. PageID 474. Undoubtedly, such abnormal mental status findings - each time Plaintiff was examined - support nurse Budding's opinion.

Further, the ALJ concluded that Plaintiff's "treatments comprised mostly of medication management and a few therapy sessions," attributing such to a less severe condition or "general improvement in [Plaintiff's] condition" and functioning. PageID 74. Not only does that conclusion appear to be an inaccurate statement with regard to Plaintiff's lengthy mental health treatment history and associated abnormal mental status findings, but the ALJ's conclusion in this regard appears to be her own interpretation of the medical data, which is prohibited. *See Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

### B. Severe Impairment

Second, Plaintiff alleges that the ALJ erred in finding her mental health impairments non-severe at Step Two of the sequential disability determination process. PageID 933-35. An impairment is considered "severe" unless it "has no more than a minimal effect on [Plaintiff's] physical or mental abilit(ies) to perform basic work activities." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). Plaintiff's burden of establishing a "severe" impairment at Step Two of the disability determination process is a "*de minimis* hurdle." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.*

Nevertheless, an ALJ's failure to find additional severe impairments at Step Two "[does] not constitute reversible error," where the ALJ considers all of a plaintiff's impairments in the remaining steps of the disability determination. *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). "In other words, if an ALJ errs by not including a particular impairment as an additional severe impairment in [S]tep [T]wo of his [or her] analysis, the error

8

is harmless as long as the ALJ found at least one severe impairment, continued the sequential analysis, and ultimately addressed all of the claimant's impairments in determining his [or her] [RFC]." *Meadows v. Comm'r of Soc. Sec.*, No. 1:07-CV-1010, 2008 WL 4911243, at *13 (S.D. Ohio Nov. 13, 2008) (citing *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006)).

Here, in determining Plaintiff's RFC, the ALJ appears to address only her physical impairments. PageID 75-80. With regard to Plaintiff's mental health impairments (*inter alia,* bipolar, depressive, and anxiety disorders), the ALJ concluded such impairments were not severe because they "do not cause more than minimal limitation in [Plaintiff'] ability to perform basic mental work activities." PageID 70. As discussed *supra*, nurse Budding opines Plaintiff is much more limited as a result of such mental health impairments. During his examination, Dr. Sexton also opined that Plaintiff showed "difficulty with attention/concentration and task focus in performing simple and multi-step tasks." PageID 477. Additionally, Plaintiff, at the administrative hearing, testified that she has "poor concentration and focus problems." PageID 108-09. Despite such evidence, the ALJ, in determining Plaintiff's RFC, included only two nonexertional limitations,[8] *i.e.*, for being off-task 5% each day and absent 8 days in a year, which the ALJ attributed to addressing Plaintiff's migraine headaches.[9] PageID 79. While the

---

[8] Nonexertional limitations affect an individual's "ability to meet the demands jobs other than the strength demands…" 20 C.F.R. § 404.1569(c)(1). Some examples of nonexertional limitations include difficulty functioning due to nervousness, anxiousness, or depression; difficulty maintaining attention or concentrating; and difficulty understanding or remembering detailed instructions. 20 C.F.R. § 404.1569(c)(1)(i)-(iii).

[9] Notably, the Vocational Expert testified at the administrative hearing that an individual who is off-task 15% of more the day, or absent two or more days per month (24 days or more per year), would be precluded from all work (*i.e.,* disabled). PageID 127-28. The Court also questions why the RFC selected by the ALJ reflects absences of 8 days per year, PageID 75, when nurse Budding's opinion suggests Plaintiff would be absent from work more than three times per month (36 days or more per year) as a result of only her mental health impairments. Page ID 858. Thus, the Court notes that an appropriate consideration of Plaintiff's mental health impairments -- whether severe or not severe -- in conjunction with her physical impairments, has the potential to result in a disability finding.

Commissioner now asserts such limitations were included in the RFC in an effort to address Plaintiff's mental health impairments, the ALJ contradicts this assertion in her decision. PageID 954. Significantly, the ALJ explained that she "generously accommodated [Plaintiff's] subjective complaints of fatigue and pain from headaches, by assigning off[-]task limitations and absences…" PageID 79.

In light of the ALJ's explanation in this regard, the Court cannot accept the Commissioner's *post hoc* rationalization of the ALJ's decision. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not accept appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board") (internal quotations omitted); *see also Stepp v. Comm'r of Soc. Sec.,* No. 2:18-CV-00641, 2019 WL 3369147, at *7 (S.D. Ohio July 26, 2019), *report and recommendation adopted*, No. 2:18-CV-641, 2019 WL 3804706 (S.D. Ohio Aug. 13, 2019) (finding "[t]he Commissioner's attempt to explain the omissions made by the ALJ would result in the Court engaging in *post hoc* rationalization, which is prohibited"). As the ALJ did not explicitly address all of Plaintiff's impairments (particularly her mental health impairments, whether severe or non-severe) in determining her RFC, the Court finds such a determination is unsupported by substantial evidence. *See Pelphrey v. Comm'r of Soc. Sec.*, No. 3:14-CV-303, 2015 WL 7273110, at *5 (S.D. Ohio Nov. 18, 2015), *report and recommendation adopted sub nom. Pelphrey v. Comm'r of Soc. Sec.*, 2016 WL 1109094 (S.D. Ohio Mar. 21, 2016) (finding "the ALJ's RFC determination -- that did not include any limitation that reasonably accounted for Plaintiff's demonstrated [impairments] -- inaccurate and unsupported by substantial evidence").

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  May 6, 2020                                  s/Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge